(7 Misc. Rep. 567.)

VREDENBURGE v. PALL.

(City Court of Brooklyn, General Term.    March 26, 1894.)

TRIAL—REFUSAL TO CHARGE—INSTRUCTION ALREADY GIVEN.
    It is not error to refuse a request to charge where the substance thereof
    has already been charged.

Appeal from trial term.

Action by William A. Vredenburge against Albert T. Pall on a promissory note. From a judgment entered on a verdict in favor of plaintiff, and from an order refusing a motion for a new trial, defendant appeals. Affirmed.

Argued before CLEMENT, C. J., and OSBORNE, J.

Archibald C. Shenstone, for appellant.

Klein & Rendich, for respondent.

OSBORNE, J.    This action was brought to recover the amount of a certain demand note made by the defendant to the order of one Dunn, and by him indorsed and transferred to plaintiff. Defendant admitted the making of the note in suit, but alleged that previous to the making thereof he had made a certain other note for the accommodation of said Dunn, which plaintiff had discounted at a usurious rate, under a corrupt agreement with said Dunn so to do; that, when said note matured, plaintiff agreed with defendant to extend the time for the payment thereof at a usurious rate of interest, and that then the note in suit was given, and the usurious interest was paid in cash, in pursuance of such agreement. Two further extensions of the time of the payment of the note in suit were also alleged, as the result of other usurious agreements between plaintiff and defendant. Plaintiff had a verdict, and this appeal comes before us on exceptions taken to the refusal of the learned trial judge to charge certain requests submitted by the learned counsel for the defendant, other than as already charged.

We are of the opinion that the exceptions are not tenable, for, while they may embody sound propositions of law, they were not applicable to the issues made in this action, other than to the extent that they had already been charged by the learned trial judge. Defendant had the affirmative at the trial, and the contention sought to be maintained by him was that plaintiff had made an agreement with the defendant, under which plaintiff had demanded and received a greater sum than the legal rate of interest for the forbearance of his claim. This was denied by plaintiff, and the case was tried and submitted to the jury on the issue thus made, on a charge which clearly defined the law which the jury was to apply to the facts, as it found them to be. Plaintiff obtained a verdict in his favor, and we can see no reason for disturbing it. Judgment and order denying motion for a new trial affirmed, with costs.